Filed 1/24/25  P. v. Walton CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAVELLE WALTON, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B334605<br>(Super. Ct. No. BA324603)<br>(Los Angeles County) |

Javelle Walton, Jr., appeals an order denying his petition for recall and resentencing under Penal Code[1] section 1170, subdivision (d)(1).  He contends the trial court erred because his sentence of 40 years to life is de facto life without the possibility of parole (LWOP).  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2009, a jury convicted appellant of second degree murder and found true multiple firearm enhancements.

---

[1] Undesignated statutory references are to the Penal Code.

(§§ 187, subd. (a), 12022.53, subds. (b)-(d).)  Appellant was 17 years old at the time of the offenses.  On May 6, 2009, the trial court sentenced appellant to an aggregate term of 40 years to life—15 years to life for the murder and 25 years to life for the section 12022.53, subdivision (d) firearm enhancement.  We affirmed the judgment on appeal.  (*People v. Walton* (Jan. 19, 2011, B216854) [nonpub. opn.].)

On September 12, 2023, appellant filed a section 1170, subdivision (d)(1) petition for recall and resentencing.  The trial court concluded appellant's sentence was not equivalent to LWOP and denied the petition.

DISCUSSION

Appellant argues remand is necessary because he is serving a de facto LWOP sentence.  We disagree.

Section 1170, subdivision (d)(1) allows certain juvenile offenders who have served at least 15 years of an LWOP sentence to petition for recall and resentencing.  *People v. Heard* (2022) 83 Cal.App.5th 608, 629, extended section 1170, subdivision (d)(1) to juvenile offenders serving a de facto LWOP sentence.  As the pertinent facts of appellant's case are undisputed, we review de novo his eligibility for relief under section 1170, subdivision (d)(1).  (See *People v. Davis* (2011) 202 Cal.App.4th 429, 438.)

We conclude appellant is ineligible for relief under that statute because his sentence of 40 years to life is not de facto LWOP.  Setting aside avenues for earlier release, appellant's sentence made him eligible for parole at age 57.  That timetable affords him a meaningful opportunity to reintegrate into society and participate as a productive member thereof.  Appellant is unlike the defendant in *People v. Heard*, who received a total sentence of 103 years to life.  (*People v. Heard, supra*, 83

2

Cal.App.5th at pp. 612, 629.)  Nor is his case aligned with *People v. Contreras*, wherein one defendant received a sentence of 50 years to life and the other 58 years to life for nonhomicide offenses.  (*People v. Contreras* (2018) 4 Cal.5th 349, 356, 368.)

Appellant's statistical evidence of prisoner life expectancy does not persuade us otherwise.  Our Supreme Court, in the Eighth Amendment context, has commented upon the "legal and empirical difficulties" associated with an "actuarial approach." (*People v. Contreras*, *supra*, 4 Cal.5th at p. 364.)

Even without considering the potential for earlier parole eligibility under other statutes, appellant's sentence of 40 years to life is not de facto LWOP.  The trial court did not err.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

3

James R. Dabney, Judge
Superior Court County of Los Angeles
_____

Sarah M. Javaheri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.